RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 7/30/09
BY pm

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

REGGIE COLLIER and KIM COLLIER

CIVIL ACTION NO. 08-0686
JUDGE TOM STAGG

## MEMORANDUM ORDER

Before the court are three contested motions in limine filed by the plaintiff, the United States of America ("the government"). See Record Documents 12, 13 and 14. First, the government seeks to exclude any evidence that the defendants associated with or engaged in business transactions with African Americans after October of 2004. See Record Document 12. Second, the government seeks to exclude any reference to the nature of the criminal charges against, or investigation into, David Bennett, and to exclude evidence of his eventual conviction. See Record Document 13. Third, the government seeks to exclude as evidence two photographs submitted by the defendants. See Record Document 14.

1

# I. ANALYSIS

## A. Motion To Exclude Character Witnesses.

The government contends that the court should exclude character witnesses listed by the defendants as prejudicial and irrelevant character evidence pursuant to Federal Rules of Evidence 402 and 404(a). The government asserts that the proposed character witnesses are not being offered for anything other than to show that Reggie Collier's character is generally inconsistent with the government's allegations. The government also asserts that the proposed character evidence is too temporally remote from the incident at issue and that the Colliers' knowledge of a government investigation into the circumstances surrounding the attempted sale of 4512 Camp Joy Road makes the proposed character testimony of so little probative value as to be irrelevant. The proposed witnesses would testify that the Colliers sold homes to African Americans in the years since the Tuckers attempted to sell their home in September of 2004. The proposed witnesses met the defendants or engaged in housing-related transactions with the defendants only since early 2007.

In their memorandum in opposition, the defendants contend that the evidence is not character evidence but evidence offered in rebuttal of the government's claim that the defendants engaged in a pattern or policy of discrimination. The defendants, however, fail entirely to address the timing issues related to this

evidence. This court agrees with the government that this evidence has little probative value with respect to the Colliers' motivations in September and October of 2004. Thus, these witnesses shall be excluded.

**B.     Motion To Exclude Evidence Of A Specific Crime.**

The government seeks to exclude any reference to the nature of the criminal charges against, or investigation into, David Bennett, and to exclude evidence of his eventual conviction. The government intends to seek emotional distress damages to compensate Nicole Bennett for the emotional distress she suffered between October of 2004 and January of 2005 as a result of being unable to purchase 4512 Camp Joy Road. The government admits that the fact that Mr. Bennett was under investigation is relevant to the calculation of recoverable emotional distress damages and the government does not contest the defendants' right to reference the fact that Mr. Bennett was notified in September of 2004 that he was going to be charged with a felony, but contends that reference to the nature of the investigation or to Mr. Bennett's ultimate conviction would be unduly prejudicial and irrelevant under Federal Rule of Evidence 402.

Mr. Bennett was convicted of a felony in February of 2005. At the time that the Bennetts were informed of Mr. Collier's request for a background check, Mr. Bennett had been advised of a pending criminal investigation against him for

possession of child pornography. This fact and knowledge is relevant to the issue of why the Bennetts withdrew from the sale of the property and to the issue of emotional distress damages. Accordingly, this evidence shall be admitted.

C.     **Motion To Exclude Photographs.**

The government contends that a photograph of Reggie Collier's step-granddaughter's birthday party at which her African American friend was present and a photograph of a friend of Kim Collier's nephew taken in the Colliers' home at Camp Joy Marina should be excluded because they are irrelevant and do not depict any of the parties to this case. The government further asserts that, even if relevant, the danger of confusion of the issues substantially outweighs the probative value of the photographs.

The photographs are not relevant to any fact in dispute in this case and should be excluded. The court agrees with the government that the fact that an African American friend of a relative of his wife was photographed in the Collier residence does not make it any more or less likely that Reggie Collier acted on the basis of race. In addition, one of the photographs was taken at least two years after the attempted sale of 4512 Camp Joy Road.[1] Accordingly, these items shall be

---

[1] One of the photographs was taken in 2001 and the other was taken in late 2006 or early 2007.

4

excluded.

## II. CONCLUSION

Based on the foregoing analysis, the government's motion in limine regarding character witnesses (Record Document 12) is **GRANTED**; such witnesses will not be allowed to testify. The government's in limine seeking to exclude evidence of a specific crime (Record Document 13) is **DENIED**; such evidence will be admitted. The government's motion in limine to exclude the two photographs (Record Document 14) is **GRANTED**; these items will not be allowed as evidence.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 30th day of July, 2009.

JUDGE TOM STAGG