RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/30/09
BY BM

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus

REGGIE COLLIER and KIM COLLIER

CIVIL ACTION NO. 08-0686
JUDGE TOM STAGG

## MEMORANDUM ORDER

Before the court is a motion in limine filed by the defendants, Reggie Collier and Kim Collier ("the defendants"). See Record Document 17. The defendants seek to exclude testimony by Terry and Tyler Watts ("the Watts") and Carroll Collier ("Collier"). The defendants also seek to exclude any and all evidence of and related to prior racial insensitivity by either defendant.

### I. ANALYSIS

**A.  Collier.**

The government states that it will not call Collier in its case in chief but will only use him for the limited purpose of rebuttal testimony, if necessary. In light of this concession by the government, the court finds the motion in limine as to Collier **MOOT** as to this issue. Should the need arise to revisit this concern during trial,

1

the parties are free to do so.

## B. Terry And Tyler Watts.

The defendants seek to exclude testimony by Terry and Tyler Watts, arguing that their testimony will only be for the purpose of damaging the character of Reggie Collier. The government intends to call Terry and Tyler Watts to establish that Reggie Collier intended to engage in a pattern or practice of excluding African Americans from Camp Joy and that his method of accomplishing that goal included threatening to cut off water and sewer service to properties at the marina. This testimony will be permitted, as it is evidence supporting the government's allegation that Reggie Collier engaged in a pattern or practice of race discrimination in the operation of Camp Joy Marina. According to the government, Reggie Collier expressed his intentions to Terry and Tyler Watts at a point proximate in time with the attempted sale of the Tuckers' home. Thus, the testimony is clearly relevant to the issue and is not inadmissible character evidence and its probative value is not substantially outweighed by the danger of unfair prejudice. See Federal Rule of Evidence 403.

## II. CONCLUSION

Based on the foregoing analysis, the defendants' motion in limine (Record

2

Document 17) is **DENIED IN PART**;[1] such witnesses will be allowed to testify.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 30th day of July, 2009.

JUDGE TOM STAGG

---

[1] The defendants also request that the court prevent the government from arguing or presenting evidence to the trier of fact relating to: (a) any statements or actions of either defendant that may evidence a preference, or lack thereof, for a certain type of lessee or homeowner; (b) any statements or actions of either defendant that may evidence a preference, or lack thereof, for a certain type of individual to enter or use their property; (c) any reference to prior use of racial epithets by the defendant; (d) any other evidence of racial insensitivity on any occasion besides the incident in question; (e) any references in regards to preferences, or lack thereof, for a certain type of individual held by any relatives, friends, or business associates of the defendants; and (f) any statements or actions of relatives, friends, or business associates of the defendants that evidences racial insensitivity on any occasion besides the incident in question.

Record Document 17 at 1-2. Although the government did not address any of these general requests made by the defendants in its opposition to the motion, the court nonetheless **RESERVES** these issues for trial, as most of these items are phrased far too generally for the court to make a meaningful ruling.